LILLIAN LOTZ, petitioner-appellant,

*v.*

LEONARD C. LOTZ, defendant-respondent.

[Argued February 6th, 1942. Decided April 23d, 1942.]

*Mr. Benjamin M. Ratner,* for the petitioner-appellant.

*Mr. Louis Bondy* and *Mr. Charles Frankel,* for the defendant-respondent.

The opinion of the court was delivered by

THOMPSON, J.

This is an appeal from an order of the Court of Chancery, entered November 25th, 1941, dismissing the petition of the appellant to vacate and reopen a final decree after *remittitur* entered July 7th, 1941, and denying all other relief prayed for in the petition.

The following is a brief history of the litigation that pre-
ceded the filing of the petition dismissed as above stated:
On July 29th, 1938, the appellant filed a bill for separate
maintenance against the respondent, to which bill the respond-
ent filed an answer and counter-claim charging the appellant
with adultery and praying for an absolute divorce on that
ground. The matter came to final hearing before the advisory
master, who advised a decree dismissing the bill for separate
maintenance and granting the defendant-respondent a divorce
on his counter-claim. From the decree so entered an appeal
was taken to this court on July 1st, 1939. On April 25th,
1941, this court in an opinion delivered by Mr. Justice Per-
skie reversed the decree, the opinion, however, dealing chiefly
with the matter of the divorce. Following the decision of
this court a decree of reversal was filed on May 27th, 1941, in
which it was provided that the court "having duly considered
the question brought here by this appeal, * * * so much
of the decree *nisi* of the Chancellor, made on the 20th day of
April, 1939, as decreed that the complainant-appellant, Lil-
lian Lotz, and the defendant-respondent, Leonard C. Lotz,
be divorced from the bonds of matrimony for the cause of
adultery, as charged in the counter-claim, be and the same
hereby is reversed," &c. And it was further ordered "that
the record of the proceedings in this cause be remitted to
the Court of Chancery to the end that the respondent's
counter-claim for divorce may be dismissed and that such
further proceedings shall be had therein as shall be agreeable
to law and the practice of that court." On July 7th, 1941,
a form of final decree on *remittitur,* consented to by the
present appellant's then solicitor, was entered in the Court
of Chancery. By the terms of this decree the decree of the
Court of Errors and Appeals was made the decree of the Court
of Chancery, and the decree *nisi* of April 20th, 1939, granting
the divorce to the husband on his counter-claim was reversed
and set aside and the same dismissed, and "that the said decree
in all other respects be and the same is hereby made absolute."
The appellant then petitioned the Court of Chancery to reopen
and set aside the final decree entered upon the *remittitur* to
the end that a new final decree be made, conforming with the

*rèmittitur* and providing specifically "that the said bill for separate maintenance be granted." The court refused to grant the petition, and it is from the order entered upon such refusal that the present appeal was taken.

The appellant insists here that the intent and effect of the decision of this court reversing the original decree granting a divorce to the husband and denying separate maintenance to the wife was and is that not only was the divorce to be set aside but that the dismissal of the appellant's original bill for maintenance should also be set aside and that this court affirmatively decreed that the wife be granted the separate maintenance sought by her. It is said that this was perhaps not made clear in the phrasing of the judgment of this court and in the *remittitur* and in the final decree of the Court of Chancery entered on the *remittitur,* or at least that if it was clear in our decree of reversal and in the *remittitur,* the decree of the Court of Chancery did not follow the *remittitur* and its final decree was an erroneous judgment because inconsistent with the judgment of this court to the extent of omitting to grant the appellant's prayer for separate maintenance.

Whatever may be the circumstances in respect to these questions raised on this appeal, we do not find it to be necessary to the appellant's relief to have a reopening of the decree below, for the reason that after the entry of such decree by the consent of the appellant's solicitor the appellant instituted a new proceeding and filed a new bill for separate maintenance, which suit is now pending in the Court of Chancery, an answer thereto has been filed, the appellant has obtained, incidental to the new suit, an order for the payment of weekly alimony and thus has elected the method of adjudicating her rights. Her petition to reopen the former proceedings at this juncture comes too late.

The order appealed from will be affirmed.

*For reversal*—None.